IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2022 MAR -8  A 10: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **RODNEY BROWN,** | ) |
| **PLAINTIFF,** | ) |
| v. | ) Case No.: 2:22-CV-117 |
| **MARTIN TRANSPORTATION SYSTEMS, INC., et al.** | ) Removed from the Circuit Court of Montgomery County, Alabama<br>) Civil Action No.: 03-CV-2022-900125 |
| **DEFENDANTS.** | ) |

## NOTICE OF REMOVAL

COME NOW Defendants, **Martin Transportation Systems, Inc.** and **Larry Marsh**, by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal of the foregoing cause from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for removal, Defendants show unto this Honorable Court the following:

1. Plaintiff Rodney Brown initiated this civil action on or about February 3, 2022 in the Circuit Court of Montgomery County, Alabama, Civil Action No. 03-CV-2022-900125. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action,

which are within the possession, custody and control of Defendants, is attached herewith as Exhibit 1.

2. Defendants file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between Plaintiff and all properly joined Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Under 28 U.S.C. § 1441(a), venue is proper because the United States District Court for the Middle District of Alabama, Northern Division, encompasses the geographic area of the Circuit Court of Montgomery County, Alabama.

4. Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity exists between the parties properly joined in this action.

5. Defendants assert, upon information and belief, that Plaintiff is a resident and domiciled citizen of the State of Alabama. (Ex. 1, Doc. 2 at ¶ 1) (stating Plaintiff is a resident of Tuscaloosa County, Alabama). *See also Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 n. 9 (S.D. Ala. 2006) (finding a party's place of residence to be *prima facie* evidence of domicile).

{DOC# 00786569}

6. Defendant Larry Marsh is a resident and domiciled citizen of Texas. (Ex. 1, Doc. 2 at ¶ 3). *See also Slate*, 444 F. Supp. 2d at 1215 n.9.

7. Defendant Martin Transportation Systems, Inc. is a Michigan Corporation with its principal place of business and headquarters in Kent County, Michigan. (Ex. 1, Doc. 2 at ¶ 2). A corporation, for diversity jurisdiction purposes, is deemed to be a citizen of both its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). *See also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 650 Fed. Appx. 729, 731 (11th Cir. 2016). In practice, this should normally be where the corporation maintains its headquarters. *Id.* Thus, Defendant Martin Transportation Systems, Inc. is a citizen of Michigan.

8. The citizenship of fictitious Defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1). Accordingly, complete diversity exists because Plaintiff is an Alabama citizen, Defendant Marsh is a Texas citizen, and Defendant Martin Transportation Systems, Inc. is a Michigan citizen.

9. Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. The

longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint. *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted). Here, however, Plaintiff does not specify in the Complaint the total amount of damages he seeks. Accordingly, this Notice of Removal may assert the amount in controversy. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

10. The Eleventh Circuit precedent provides that, when a plaintiff makes an unspecified damages demand in state court, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). In some cases, this burden will require the removing defendant to provide additional evidence, but in other cases "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted)).

11. If a defendant alleges that removability is facially apparent from the complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. The district court is not

bound by the plaintiff's representations, nor does it have to assume the plaintiff is best able to evaluate the amount of damages sought. *Id.* (*citing Pretka*, 608 F.3d at 771). The Eleventh Circuit further stated in *Roe* that:

> **Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable.** Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added). The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages. *Id.* at 1064.

12. Recent cases are helpful in determining the amount in controversy where, as here, a plaintiff fails to make a specific damages demand in the complaint. One such case explained the impact of amended 28 U.S.C. § 1446, stating "[w]hen Congress enacted this most recent amendment to § 1446, it did not intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012). In *Smith*, the Court went on to state that where the complaint does not contain an *ad*

*damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. The *Smith* Court further stated "[t]his court is informed and verily believes" Congress amended § 1446 "to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000." 868 F. Supp. 2d at 1335. Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, **must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.** Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* (emphasis added).

13. *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. Aug. 31, 2015), also helps explain why the requisite amount in controversy is met in this matter. In *Bush*, the Court observed that prior to *Roe*, a complaint filed without an *ad damnum* clause would have invited a defendant to use discovery admissions to establish the amount in controversy. *Id.* at 1318. The *Bush* Court stated the Eleventh Circuit in *Roe*:

> finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with

wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.

*Id.*

14. As a final example, Defendants point this Court to *Seckel v. Travelers Home & Marine Ins. Co.*, No. 4:12-cv-4163-KOB, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013). In *Seckel*, the Court found that, although the plaintiff only claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the defendant to meet the amount in controversy requirement. *Seckel*, 2013 U.S. Dist. LEXIS 11582, at *5. The Court concluded that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Id.*

15. Here, Plaintiff does not make a specific demand for damages in his Complaint. Plaintiff further fails to disclaim the right to, or acceptance of, damages exceeding $75,000.00. **Nevertheless, it is facially apparent from the Complaint that the amount in controversy more likely than not exceeds $75,000.**

16. This action arises out of an alleged motor vehicle accident on October 3, 2021, in Montgomery County, Alabama. (Ex. 1, Doc. 2 at ¶ 7). Plaintiff alleges Defendant Marsh allowed or caused his vehicle to collide with Plaintiff's vehicle.

(Ex. 1, Doc. 2 at ¶ 9). Plaintiff sets forth claims of negligence and wantonness against Defendant Marsh. (Ex. 1, Doc. 2 at ¶¶ 12-25). Plaintiff contends Defendant Marsh acted negligently and/or wantonly as an agent and/or employee of Defendant Martin Transportation Systems, Inc., thereby suggesting Defendant Martin Transportation Systems, Inc. is vicariously liable for the alleged negligence and/or wantonness of Defendant Marsh. (Ex. 1, Doc. 2 at ¶¶ 15 & 22). Finally, Plaintiff alleges Defendant Martin Transportation Systems, Inc. negligently and wantonly entrusted Defendant Marsh with a commercial motor vehicle, and negligently and wantonly hired, trained, retained and supervised Defendant Marsh. (Ex. 1, Doc. 2 at ¶¶ 28 & 33).

17. Plaintiff claims the collision caused him "serious injury". (*See*, e.g., Ex. 1, Doc. 2 at ¶¶ 14, 17, & 18). Plaintiff also seeks damages for lost wages. (Ex. 1, Doc. 2 at p. 4). Plaintiff demands judgment against Defendants for compensatory and punitive damages. (Ex. 1, Doc. 2 at p. 4). Plaintiff does not make a more specific demand for damages in his Complaint, nor does he disclaim the right to, or acceptance of, damages exceeding $74,999.99.

18. As in *Bush*, Plaintiff claims he sustained serious personal injuries as a result of the alleged negligent and wanton behavior of Defendants. *See Bush*, 132 F. Supp. 3d at 1318. Moreover, like the plaintiff in *Bush*, Plaintiff requests punitive damages for alleged wantonness committed by Defendant Marsh in the line and

scope of his work duties *and* alleged wantonness by Defendant Martin Transportation Systems, Inc. in the hiring, training, retention, supervision, and entrustment of Defendant Marsh. Therefore, Plaintiff "is realistically hoping to recover more than $75,000," and the amount-in-controversy requirement is satisfied in this case. *Bush*, 132 F. Supp. 3d at 1318. *See also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2015) (holding that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

19. Plaintiff's pre-suit settlement demand also supports the asserted amount in controversy. Before filing this suit, Plaintiff's counsel submitted a letter seeking $200,000 in settlement of Plaintiff's personal injury claims. (January 14, 2022 Settlement Demand Letter, attached herewith as Exhibit 2). Plaintiff's counsel included an itemized list of $18,286.59 in medical expenses and lost wages that he attributed to the subject accident. (*Id.*). Plaintiff claims he was unable to work for twelve weeks as a result of his accident-related injuries. (*Id.*).

20. A plaintiff's settlement offer "counts for something" when determining the amount in controversy in a lawsuit. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994), *superseded by statute on other grounds*, 28 U.S.C. § 1446(c), *as explained in McAdam Props., LLC v. Dunkin' Donuts Franchising, LLC*, 290 F. Supp. 3d 1279, 1285 n.5 (N.D. Ala. 2018). Here, Plaintiff's pre-suit settlement

{DOC# 00786569}

demand of $200,000 indicates he is realistically seeking damages exceeding $75,000.

21. Defendants do not admit or contend they are liable to Plaintiff, and Defendants do not admit or contend Plaintiff's damages necessarily exceed $75,000, exclusive of interest and costs. Instead, Defendants reasonably believe, based upon the legal theories asserted in the Complaint and the applicable Alabama law governing damages under those theories, as well as Plaintiff's pre-suit settlement demand, that Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value in excess of $75,000, exclusive of interest and costs. *See S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (explaining that the amount-in-controversy determination "is less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be put at issue during the litigation") (quoting *Pretka*, 608 F.3d at 751).

22. If Plaintiff disputes that the amount in controversy exceeds the jurisdictional requisite, Defendants request leave to conduct discovery to determine the extent of Plaintiff's claim to damages. **Additionally, Defendants request that this Court require Plaintiff to "formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state Plaintiff will never accept more."** *See Smith*, 868 F. Supp. 2d at 1335.

23. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, Northern Division, within the time allowed by law for the removal of actions to the United States District Courts. Defendant Marsh was served with the Summons and Complaint on or about February 10, 2022. (Ex. 1, Doc. 7 at p. 1). Defendant Martin Transportation Systems, Inc. was served with the Summons and Complaint on or about February 14, 2022. (Ex. 1, Doc. 9 at p. 1). This Notice of Removal is timely because it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

24. All defendants who are properly joined and served consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

25. Without waiver of any defenses or objections, including, but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendants Marsh and Martin Transportation Systems, Inc. submit this Notice of Removal.

26. Pursuant to 28 U.S.C. § 1446(d), Defendants show a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Montgomery County,

{DOC# 00786569}

Alabama. Further, Defendants represent to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

                                              Respectfully submitted,

                                              */s/ Carrie H. Bates*

                                              Lea Richmond, IV (ASB-8479-l74r)
                                              Carrie H. Bates (ASB-4638-e59h)
                                              Attorneys for Defendants

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:  lrichmond@carrallison.com
            cbates@carrallison.com

{DOC# 00786569}

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of March, 2022, the foregoing document was hand-filed with the Clerk of Court, and that a true and correct copy of the foregoing was served on the following via U.S. Mail, postage prepaid, and addressed as follows, which will send notification of said filing to the following:

Carson S. Hale, Esq.
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave.
Suite 201
Auburn, Alabama 36830
Telephone: (334) 741-4110
Facsimile: (888) 853-2247
Attorney for Plaintiff

_____
OF COUNSEL

{DOC# 00786569}