ELECTRONICALLY FILED
2/3/2022 8:59 AM
03-CV-2022-900125.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| RODNEY BROWN, | * |
| Plaintiff, | * |
| | * Case No.: CV - 2022 - _____ |
| v. | * |
| MARTIN TRANSPORTATION SYSTEMS INC., LARRY MARSH, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | * JURY TRIAL DEMANDED |
| Defendants. | * |

## COMPLAINT

This is an action by Plaintiff, Rodney Brown (herein after referred to as "Plaintiff"), against Defendants, Martin Transportation Systems, Inc. (herein after referred to as "Defendant Martin Transportation"), and Larry Marsh, (herein after referred to as "Defendant Marsh") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about October 3, 2021.

### PARTIES, JURISDICTION, VENUE

1) Plaintiff was a resident and citizen of Tuscaloosa County, Alabama at all times material to the issues in this case.

2) Upon information and belief, Defendant Martin Transportation is a foreign Corporation, doing business in Alabama, at all times material to the issues in this case. Defendant Martin

1

Transportation may be served through its registered agent, Robert Shaver, at 55 Campau Ave., NW, Ste. 300, Grand Rapids, MI, 49503.

3) Upon information and belief, Defendant Marsh is a resident and citizen of Garland, Texas, all times material to the issues in this case and an employee and/or agent of Martin Transportation and was doing business for said Defendant Martin Transportation, Alabama at all times material to the issues in this case. Defendant Marsh is being sued in both their official and individual capacities.

4) Fictitious Defendant "A", "B", and "C", are those persons or entities whose names will be substituted upon learning their true identities.

5) The motor vehicle accident that gives rise to this complaint occurred in Montgomery County, Alabama.

6) Venue is proper in Montgomery County, Alabama.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

7) On or about October 3, 2021, Plaintiff was traveling on I-85., in Montgomery County, Alabama.

8) At said time and place, the Defendant Marsh was also traveling southbound on I-85, in Montgomery County, Alabama.

9) At said time and place, Defendant Marsh allowed and/or caused their vehicle to collide with the Plaintiff's vehicle.

10) At the time of the collision, Defendant Marsh was an employee and/or agent of Defendant Martin Transportation and was operating under the appropriate scope and authority of his employment and/or agency of said Defendant Martin Transportation, at all times material to the issues in this cause of action.

11)     Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendant and/or Fictitious Defendants.

## COUNT ONE - NEGLIGENCE

12)     The Plaintiff in this Count is Plaintiff Brown. The Defendants in this Count are Defendant Martin Transportation and Defendant Marsh, individually.

13)     Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 12 hereinabove as fully and completely as if the same were set forth verbatim herein.

14)     At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant Martin Transportation, Defendant Marsh operated said vehicle in such a negligent manner as to (a) cause said vehicle to collide with the vehicle in which Plaintiff Brown was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the plaintiff.

15)     In causing said vehicle to crash into the vehicle in which Plaintiff was operating, Defendant Martin Transportation's agent and/or employee, Defendant Marsh:

       (a) Negligently failed to exercise ordinary care.

       (b) Negligently failed to keep a proper look out.

       (c) Negligently failed to maintain proper control of said vehicle.

       (d) Negligently failed to yield the motor vehicle in which Plaintiff was operating.

       (e) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

16) The Plaintiff avers that the acts and conduct of Defendant Martin Transportation's agent and/or employee, Defendant Marsh on said occasion constitutes common law negligence.

The Plaintiff further avers that the acts and conduct of the said Defendant Marsh on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

17) As the proximate consequence of said negligence, Defendant Martin Transportation's agent and/or employee, Defendant Marsh, (a) in violating said statutes, and (b) in colliding with the vehicle in which plaintiff was operating, the Plaintiff was caused to sustain serious injuries.

18) The Plaintiff avers that said negligent acts and conduct of the said Defendant Marsh on said occasion are imputed to Defendant Martin Transportation, and Defendant Martin Transportation and Defendant Marsh, are jointly and severally liable for the serious injuries of the plaintiff, as a result of said negligent acts and conduct of the said Defendant Marsh.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

19) The Plaintiff in this Count is Plaintiff Brown. The Defendants in this Count are Defendant Martin Transportation and Defendant Marsh, individually.

20) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 19 hereinabove as fully and completely as if the same were set forth verbatim herein.

21) At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant Martin Transportation, Defendant Marsh operated said vehicle in such a reckless and wanton manner as to (a) cause said vehicle to collide with

the vehicle which plaintiff was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the plaintiff.

22) In causing said vehicle to crash into the vehicle in which Plaintiff was operating, Defendant Martin Transportation's agent and/or employee, Defendant Marsh:

    (a) Recklessly and Wantonly failed to exercise ordinary care.

    (b) Recklessly and Wantonly failed to keep a proper look out.

    (c) Recklessly and Wantonly failed to maintain proper control of said vehicle.

    (d) Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiff was operating.

    (e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

23) The Plaintiff avers that the acts and conduct of Defendant Martin Transportation's agent and/or employee, Defendant Marsh on said occasion constitute statutory recklessness and wantonness. The Plaintiff further avers that the acts and conduct of the said Defendant Marsh on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

24) As the proximate consequence of said recklessness and wantonness of Defendant Martin Transportation's agent and/or employee, Defendant Marsh, (a) in violating said statutes, and (b) in colliding with the vehicle in which plaintiff was operating, Plaintiff was caused to sustain serious injuries.

25) The Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Marsh on said occasion, are imputed to Defendant Martin Transportation, and Defendant

Martin Transportation and Defendant Marsh, are jointly and severally liable to for the serious injuries, as a result of said reckless and wanton acts and conduct of the said Defendant Marsh.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

### COUNT THREE- NEGLIGENT AND WANTON ENTRUSTMENT

26) The Plaintiff in this Count is Plaintiff Brown. The Defendant in this Count is Defendant Martin Transportation.

27) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 26 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein

28) The Plaintiff avers that on the occasion made the basis of this case, Defendant Martin Transportation negligently, recklessly and wantonly entrusted said vehicle to the said Defendant Marsh; that the said Defendant Marsh; was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant Martin Transportation knew, or by the exercise of reasonable care should have known, that the said Defendant Marsh; was unsuitable to have said vehicle entrusted to them.

29) The Plaintiff further avers that said negligent and wanton entrustment of said vehicle to the said Defendant Marsh; (a) is combined with the negligent, reckless and wanton acts and conduct of the said Defendant Marsh; and (b) is a concurrent, proximate cause of the

Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FOUR- NEGLIGENT AND WANTON HIRING, TRAINING, RETENTION, and SUPERVISION

30) The Plaintiff in this Count is Plaintiff Brown. The Defendant in this Count is Defendant Martin Transportation.

31) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 30 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

32) The Plaintiff avers that Defendant Martin Transportation, hired, trained, retained and supervised Defendant Marsh, as a driver for a commercial vehicle.

33) The Plaintiff avers that the Defendant Martin Transportation:

    (a) Acted in a negligent, reckless and wanton manner in hiring Defendant Marsh, as a commercial vehicle driver,

    (b) Acted in a negligent, reckless and wanton manner in retaining Defendant Marsh, as a commercial vehicle driver,

    (c) Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Marsh, as a commercial vehicle driver, and

    (d) Acted in a negligent, reckless and wanton manner in failing to instill in

Defendant Marsh qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant Martin Transportation entrusted to Defendant Marsh, as a commercial vehicle driver on the public highways of Alabama and other states.

34) The Plaintiff further avers that the serious injuries of the plaintiff are the proximate results of said negligence and wantonness of Defendant Martin Transportation in the hiring, training, retention, monitoring, and supervision of the said Defendant Marsh as a commercial vehicle driver on the public highways of Alabama and other states.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FIVE- FICTITIOUS DEFENDANTS

35) The Plaintiff in this Count is Plaintiff Brown.

36) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 35 hereinabove and all of the factual averments of Count One, Count Two, Count Three, and Count Four hereinabove as fully and completely as if the same were set forth verbatim herein.

37) Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when

ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This February 3, 2022.

                                    Respectfully submitted,

                                    */s/ Carson S. Hale*
                                    CARSON S. HALE (HAL120)
                                    ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No. (888)-853-2247

**(the rest of this page left blank intentionally)**

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the Summons and Complaint in this case be served on the following Defendants by Certified Mail at her respective mailing address as follows:

**LARRY MARSH**
1913 Rice Dr.
Garland, TX 75042

**MARTIN TRANSPORTATION SYSTEMS INC.**
Registered agent: Robert Shaver
55 Campau Ave., NW, Ste. 300
Grand Rapids, MI, 49503.

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**