# EXHIBIT 1

ELECTRONICALLY FILED
2/3/2022 8:59 AM
03-CV-2022-900125.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>03<br><br>Date of Filing:   Judge Code:<br>02/03/2022 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### RODNEY BROWN v. MARTIN TRANSPORTATION SYSTEMS INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM          O ☐ OTHER
                                              DISTRICT COURT

              R ☐ REMANDED                T ☐ TRANSFERRED FROM
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
HAL120                    2/3/2022 8:59:04 AM              /s/ CARSON SCOTT HALE
                          Date                             Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**          ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
2/3/2022 8:59 AM
03-CV-2022-900125.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **RODNEY BROWN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No.: CV - 2022 - _____** |
| *v.* | * | |
| **MARTIN TRANSPORTATION** | * | **JURY TRIAL DEMANDED** |
| **SYSTEMS INC., LARRY MARSH,** | * | |
| **and Fictitious Defendants "A," "B,"** | * | |
| **and "C," whether singular or plural,** | * | |
| **those other persons, corporations, firms** | * | |
| **or other entities whose wrongful** | * | |
| **conduct caused or contributed to cause** | * | |
| **the injuries and damages to Plaintiff, all** | * | |
| **of whose true and correct names are** | * | |
| **unknown to Plaintiff at this time, but** | * | |
| **will be added by amendment when** | * | |
| **ascertained,** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

This is an action by Plaintiff, Rodney Brown (herein after referred to as "Plaintiff"), against Defendants, Martin Transportation Systems, Inc. (herein after referred to as "Defendant Martin Transportation"), and Larry Marsh, (herein after referred to as "Defendant Marsh")  for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about October 3, 2021.

### PARTIES, JURISDICTION, VENUE

1)      Plaintiff was a resident and citizen of Tuscaloosa County, Alabama at all times material to the issues in this case.

2)      Upon information and belief, Defendant Martin Transportation is a foreign Corporation, doing business in Alabama, at all times material to the issues in this case.  Defendant Martin

1

Transportation may be served through its registered agent, Robert Shaver, at 55 Campau Ave., NW, Ste. 300, Grand Rapids, MI, 49503.

3)      Upon information and belief, Defendant Marsh is a resident and citizen of Garland, Texas, all times material to the issues in this case  and an employee and/or agent of Martin Transportation and was doing business for said Defendant Martin Transportation, Alabama at all times material to the issues in this case.  Defendant Marsh is being sued in both their official and individual capacities.

4)      Fictitious Defendant "A", "B", and "C", are those persons or entities whose names will be substituted upon learning their true identities.

5)      The motor vehicle accident that gives rise to this complaint occurred in Montgomery County, Alabama.

6)      Venue is proper in Montgomery County, Alabama.

### FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

7)      On or about October 3, 2021, Plaintiff was traveling on I-85., in Montgomery County, Alabama.

8)      At said time and place, the Defendant Marsh was also traveling southbound on I-85, in Montgomery County, Alabama.

9)      At said time and place, Defendant Marsh allowed and/or caused their vehicle to collide with the Plaintiff's vehicle.

10)     At the time of the collision, Defendant Marsh was an employee and/or agent of Defendant Martin Transportation and was operating under the appropriate scope and authority of his employment and/or agency of said Defendant Martin Transportation, at all times material to the issues in this cause of action.

2

11)    Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendant and/or Fictitious Defendants.

## COUNT ONE - NEGLIGENCE

12)    The Plaintiff in this Count is Plaintiff Brown. The Defendants in this Count are Defendant Martin Transportation and Defendant Marsh, individually.

13)    Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 12 hereinabove as fully and completely as if the same were set forth verbatim herein.

14)    At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant Martin Transportation, Defendant Marsh operated said vehicle in such a negligent manner as to (a) cause said vehicle to collide with the vehicle in which Plaintiff Brown was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the plaintiff.

15)    In causing said vehicle to crash into the vehicle in which Plaintiff was operating, Defendant Martin Transportation's agent and/or employee, Defendant Marsh:

   (a) Negligently failed to exercise ordinary care.

   (b) Negligently failed to keep a proper look out.

   (c) Negligently failed to maintain proper control of said vehicle.

   (d) Negligently failed to yield the motor vehicle in which Plaintiff was operating.

   (e) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

16) The Plaintiff avers that the acts and conduct of Defendant Martin Transportation's agent and/or employee, Defendant Marsh on said occasion constitutes common law negligence.

The Plaintiff further avers that the acts and conduct of the said Defendant Marsh on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

17) As the proximate consequence of said negligence, Defendant Martin Transportation's agent and/or employee, Defendant Marsh, (a) in violating said statutes, and (b) in colliding with the vehicle in which plaintiff was operating, the Plaintiff was caused to sustain serious injuries.

18) The Plaintiff avers that said negligent acts and conduct of the said Defendant Marsh on said occasion are imputed to Defendant Martin Transportation, and Defendant Martin Transportation and Defendant Marsh, are jointly and severally liable for the serious injuries of the plaintiff, as a result of said negligent acts and conduct of the said Defendant Marsh.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

19) The Plaintiff in this Count is Plaintiff Brown. The Defendants in this Count are Defendant Martin Transportation and Defendant Marsh, individually.

20) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 19 hereinabove as fully and completely as if the same were set forth verbatim herein.

21) At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant Martin Transportation, Defendant Marsh operated said vehicle in such a reckless and wanton manner as to (a) cause said vehicle to collide with

4

DOCUMENT 2

the vehicle which plaintiff was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the plaintiff.

22) In causing said vehicle to crash into the vehicle in which Plaintiff was operating, Defendant Martin Transportation's agent and/or employee, Defendant Marsh:

      (a) Recklessly and Wantonly failed to exercise ordinary care.

      (b) Recklessly and Wantonly failed to keep a proper look out.

      (c) Recklessly and Wantonly failed to maintain proper control of said vehicle.

      (d) Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiff was operating.

      (e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

23) The Plaintiff avers that the acts and conduct of Defendant Martin Transportation's agent and/or employee, Defendant Marsh on said occasion constitute statutory recklessness and wantonness. The Plaintiff further avers that the acts and conduct of the said Defendant Marsh on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

24) As the proximate consequence of said recklessness and wantonness of Defendant Martin Transportation's agent and/or employee, Defendant Marsh, (a) in violating said statutes, and (b) in colliding with the vehicle in which plaintiff was operating, Plaintiff was caused to sustain serious injuries.

25) The Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Marsh on said occasion, are imputed to Defendant Martin Transportation, and Defendant

5

Martin Transportation and Defendant Marsh, are jointly and severally liable to for the serious injuries, as a result of said reckless and wanton acts and conduct of the said Defendant Marsh.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT THREE- NEGLIGENT AND WANTON ENTRUSTMENT

26) The Plaintiff in this Count is Plaintiff Brown. The Defendant in this Count is Defendant Martin Transportation.

27) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 26 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein

28) The Plaintiff avers that on the occasion made the basis of this case, Defendant Martin Transportation negligently, recklessly and wantonly entrusted said vehicle to the said Defendant Marsh; that the said Defendant Marsh; was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant Martin Transportation knew, or by the exercise of reasonable care should have known, that the said Defendant Marsh; was unsuitable to have said vehicle entrusted to them.

29) The Plaintiff further avers that said negligent and wanton entrustment of said vehicle to the said Defendant Marsh; (a) is combined with the negligent, reckless and wanton acts and conduct of the said Defendant Marsh; and (b) is a concurrent, proximate cause of the

6

Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FOUR- NEGLIGENT AND WANTON HIRING, TRAINING, RETENTION, and SUPERVISION

30) The Plaintiff in this Count is Plaintiff Brown. The Defendant in this Count is Defendant Martin Transportation.

31) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 30 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

32) The Plaintiff avers that Defendant Martin Transportation, hired, trained, retained and supervised Defendant Marsh, as a driver for a commercial vehicle.

33) The Plaintiff avers that the Defendant Martin Transportation:

      (a) Acted  in a negligent, reckless and wanton manner in  hiring Defendant Marsh, as a commercial vehicle driver,

      (b) Acted in a negligent, reckless and wanton manner in retaining Defendant Marsh, as a commercial vehicle driver,

      (c) Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Marsh, as a commercial vehicle driver, and

      (d) Acted in a negligent, reckless and wanton manner in failing to instill in

7

Defendant Marsh qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant Martin Transportation entrusted to Defendant Marsh, as a commercial vehicle driver on the public highways of Alabama and other states.

34) The Plaintiff further avers that the serious injuries of the plaintiff are the proximate results of said negligence and wantonness of Defendant Martin Transportation in the hiring, training, retention, monitoring, and supervision of the said Defendant Marsh as a commercial vehicle driver on the public highways of Alabama and other states.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FIVE- FICTITIOUS DEFENDANTS

35) The Plaintiff in this Count is Plaintiff Brown.

36) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 35 hereinabove and all of the factual averments of Count One, Count Two, Count Three, and Count Four hereinabove as fully and completely as if the same were set forth verbatim herein.

37) Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when

8

ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

### A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS

This February 3, 2022.

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No. (888)-853-2247

**(the rest of this page left blank intentionally)**

DOCUMENT 2

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**LARRY MARSH**
1913 Rice Dr.
Garland, TX 75042

**MARTIN TRANSPORTATION SYSTEMS INC.**
Registered agent: Robert Shaver
55 Campau Ave., NW, Ste. 300
Grand Rapids, MI, 49503.

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

10

DOCUMENT 3



ELECTRONICALLY FILED
2/3/2022 8:59 AM
03-CV-2022-900125.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

RODNEY BROWN,

    Plaintiff,

    *v.*

**MARTIN TRANSPORTATION SYSTEMS INC., LARRY MARSH, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,**

    **Defendants.**

Case No.: CV - 2022 - _____

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LARRY MARSH

Comes now the Plaintiffs, by counsel, and propounds the following interrogatories to the Defendant, Larry Marsh (herein after referred to as "Defendant Marsh"), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:.

### Definitions and Instructions

a.    These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.    Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

1

DOCUMENT 3

c.   Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiffs' Complaint.

d.   Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.   The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).

## INTERROGATORIES

1.  Please identify yourself by stating your full name, present address, date and place of birth, social security number, and name of spouse.
    **RESPONSE:**

2.  Please identify, by giving the name, address, and last known telephone number, each and every person known to you and/or to your attorneys who has firsthand knowledge of the events and conditions set out in the complaint.
    **RESPONSE:**

3.  Please state the full name, address, and telephone number of each person who, to your knowledge or your agents or attorneys, was present at the scene of the occurrence which is the subject of this claim, either, immediately before, immediately after, or during such occurrence.
    **RESPONSE:**

4.  Please identify each and every witness you intend to call at the trial of this cause including the substance of his or her expected testimony.
    **RESPONSE:**

5.  With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:
    a.  His/her name, address, and telephone number;

2

DOCUMENT 3

    b.  The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

    c.  The field in which he/she is to be offered as an expert;

    d.  A summary of his/her qualifications within the field in which he/she is expected to testify;

    e.  The substance of the facts to which he/she is expected to testify; and,

    f.  The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

6.  Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

**RESPONSE:**

7.  Please state the dollar amount of liability insurance coverage available in this action. This includes but is not limited to primary liability policies, secondary liability policies, excess coverage policies, umbrella policies, etc.

**RESPONSE:**

8.  Describe completely and in detail the vehicle occupied or owned by you on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the occurrence, make, model, year, body style of said motor vehicle, the cargo contained in the vehicle at the time of the occurrence, and weight of cargo at the time of the occurrence.

**RESPONSE:**

9.  Describe in chronological order the events of the prior 24 hours leading up to the collision on October 3, 2021. Please include in your response whether you consumed any alcoholic beverages, drugs, or medications of any kind whatsoever, including prescriptions drugs, within twenty-four (24) hours preceding the collision. If the answer is in the affirmative, please state the amount and the time at which such beverage, drug, or medication was consumed (if you had consumed medication, please state the purpose for taking said medication). Additionally, please state any prescriptions drugs which you should have taken in accordance with a medical provider's instructions but failed to do so.

**RESPONSE:**

DOCUMENT 3

10. As to the trip in which you were engaged at the time of the collision made the basis of this suit, give the following information:

    a. The date, place and time you started the trip;

    b. The times and places of each stop to pick up or deliver any load, the description and weight of each load, the times and places you stopped to check said load, the names, addresses and telephone numbers of any person and their employer who loaded the load that was involved in the collision made the basis of this lawsuit, together with the weight of said load;

    c. The places and times you stopped for any reason on the trip in question prior to impact with the vehicle being driven by Plaintiff; and,

    d. Did you continue the trip in question after you were released from the scene by the authorities? If not, where did you go and what did you do?

**RESPONSE:**

11. Describe in your own words how the collision occurred or why the collision occurred. Please include the following in your response:

    a. Your estimate of the speed the vehicle you were operating just prior to the impact with the other vehicle;

    b. The location of the vehicle being driven by the Plaintiff when you first observed it in relation to the time of the collision;

    c. Your estimate of the speed the vehicle the Plaintiff was operating when you first saw the vehicle;

    d. Any evasive maneuvers taken by you or the Plaintiff;

    e. The location and speed, if applicable, of any and all other vehicles in front of you as you approached the intersection where the collision occurred;

    f. Whether you applied your brakes at any time before the collision;

    g. Whether or not your brakes locked or your wheels skidded prior to the impact;

**RESPONSE:**

12. Identify any other individual, entity or entities other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit.

**RESPONSE:**

4

13. If any of the vehicles involved in the collision had defective equipment, describe each defective piece of equipment specifically and in detail.

    **RESPONSE:**

14. Detail each complaint you made about defects and needed repairs and maintenance of the vehicle in which you were an occupant at the time of the collision made the basis of this suit for the six (6) month period prior to this collision, together with the exact dates of each complaint and the extent to which such complaints were satisfied or not satisfied.

    **RESPONSE:**

15. What trip expenses were incurred by you on the trip in question prior to the collision at issue (i.e., including credit cards and cash expenses). In response to this interrogatory, please state the name of the business where each expense was incurred, the address of each such business, and the approximate time of each such expense. Furthermore, produce a copy of any and all trip receipts of any kind or nature.

    **RESPONSE:**

16. Please state whether, at the time of the occurrence which is the subject of this claim, you had a prescription for glasses or corrective lenses. If so, state whether or not you were wearing such glasses or corrective lenses at the time of the occurrence.

    **RESPONSE:**

17. Please provide the name and address of the medical doctor and facility who completed the Medical Examiner's Report and Medical Examiner's certificate for your Commercial Driver's License for the past ten (10) years.

    **RESPONSE:**

18. Please list each and every medical provider from whom you have received treatment, consulting, review, examination and/or advice from January 1, 2012 through present. The term "medical provider" includes, but is not limited to emergency medical services, ambulance, doctors, hospitals, nurses, chiropractors, physical therapists, alcohol and/or drug treatment providers, rehabilitation therapists, mental health providers or facilitates, surgeons or other health care providers of any nature whatsoever, For each medical provider, please state: provider's name, provider's address, provider's specialty; reason for seeing provider, treatment received, diagnosis

DOCUMENT 3

given, and medications prescribed.

**RESPONSE:**

19. For the last ten (10) years, please provide the name of your health insurance provider, including the group number, contract number and the name under which coverage is secured.

    **RESPONSE:**

20. Provide a list of all medications, prescribed and/or over the counter, that you were taking or had taken in the one year period prior to October 3, 2021, and include in your answer the following:

    a.   The name and address of the doctor, hospital, or clinic, who prescribed, sold or provided these medications;

    b.   The health condition for which you took each medication;

    c.   The dosage you ingested daily;

    d.   The name and address of each pharmacy, whether private or governmental, that has filed any prescription for you in the last ten (10) years.

    **RESPONSE:**

21. State if you have ever been charged with or convicted of any criminal offense, including traffic violations. If your answer is in the affirmative, state:

    a.   The name of the offense with which you were charged and/or convicted;

    b.   The state, county and city in which you were charged and/or convicted; and

    c.   The date or approximate date you were charged and/or convicted of such offense.

    **RESPONSE:**

22. As to each motor vehicle accident you have been involved in for the last ten (10) years, give the following information:

    a.   Where it occurred (state, city, county, court);

    b.   When it occurred (month, day, year);

    c.   Any injuries claimed and when and where any claims or suits were filed; and,

    d.   Final disposition or current status of each traffic accident.

    **RESPONSE:**

23. Give the dates, times and places, together with the names and addresses of persons and organizations who have provided drug or alcohol counseling or treatment to you at any time

6

during the past ten (10) years.

**RESPONSE:**

24. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this lawsuit and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

**RESPONSE:**

25. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this lawsuit and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

**RESPONSE:**

26. With respect to your experience as a commercial truck driver, or driver of a commercial vehicle, give the following information:

    a. The name, address and telephone number together with the dates you were driving trucks or commercial vehicles for every motor carrier who has employed you or contracted your services for the past ten (10) years;

    b. The number of hours of driving experience you had prior to the collision at issue in operating the truck you were driving when you struck the vehicle driven by the Plaintiff; and,

    c. The number of hours of driving experience you had prior to the collision at issue in operating vehicles similar to the vehicle you were driving when you struck the vehicle driven by the Plaintiff.

**RESPONSE:**

27. Do you keep copies of your driving logs and time sheets?

    a. If so, for how long?

    b. Do you have the logs and time sheets for the period of time in which the collision in question occurred?

    c. If not, why not?

    d. Has Defendant Martin Transportation ever questioned the falsity of your logs?

    e. Has Defendant Martin Transportation ever criticized you or requested you to observe the regulations with respect to the maximum legal hours you are permitted to operate their

DOCUMENT 3

trucks?

**RESPONSE:**

28. Describe the make and model of each of the following items located on the truck you were operating at the time of the collision in question:

    a.   CB radio;

    b.   On-board telephone;

    c.   On-board computer recorder;

    d.   Black box;

    e.   Electronic Control Module (ECM); and,

    f.   Any and all recording or data storage devices.

**RESPONSE:**

29. Describe the normal basis for your pay from Defendant Martin Transportation (i.e., by the mile, by the load, by the hour, straight salary or explain any other basis) and explain any deviation from the normal basis, if any, concerning the load and trip you were on at the time of the Incident.

**RESPONSE:**

30. Have you ever been deemed medically of physically unfit to drive by any company, medical provider, medical officer, or state agency? If so, please state the reasons for such a determination, the date of said determination, the time period for which you were deemed medically or physically unfit, and the steps that were followed in order for you to be deemed medically fit to drive trucks or any other commercial vehicle.

**RESPONSE:**

31. Please describe any and all surgical procedures you have undergone in the past ten (10) years including the date of the procedure, the type procedure, the treating physician, the condition for which you received the procedure, the follow-up diagnosis and any medications which you were prescribed.

**RESPONSE:**

32. Please state the number(s) for any cellular telephone(s) (whether personal or issued by Defendant Martin Transportation or other(s)) in your possession on October 3, 2021 and the name of the carrier providing service to said cellular telephone.

8

DOCUMENT 3

**RESPONSE:**

33. Have your attorneys made you aware what your liability insurance limits in this matter are limited to and that any verdict in favor of the Plaintiff over and above said limits will be the responsibility of yourself and/or Defendant Martin Transportation?
**RESPONSE:**

34. Have your attorneys made you aware that you may demand that your insurance company pay your insurance liability limits to the Plaintiff and that doing so will protect yourself and Defendant Martin Transportation from the responsibility of satisfying a verdict in favor of the Plaintiff which may otherwise exceed said insurance liability limits?
**RESPONSE:**

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

## <u>REQUESTS FOR PRODUCTION</u>

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes

9

DOCUMENT 3

or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing. Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format. Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must

provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the Alabama Rules of Civil Procedure. Consider this a formal request for such a log pursuant to the aforementioned Rule. Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure. Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts. If such information differs between the two, please produce all copies of any such transcripts.

## DOCUMENTS REQUESTED

1.      Produce true and complete copies of any and all photographs, films, slides, videos or other graphic depictions, taken by or on behalf of the Defendant, of the accident scene and the vehicles involved in the collision.

2.      Produce all documents, letters, notes, memoranda, communications, or other written documents of any type whatsoever between any parties to this lawsuit which refer to or are in regard to the collision and/or damages caused thereby.

3.      Produce a copy of any reports, evaluations, notes, or other written analysis by any expert you intend to call as a witness.

4.      Produce a copy of any reports, evaluations, notes and other written analysis by any expert you do not intend to call as a witness.

5.      Produce all videotapes, movie films, photographs, sound recordings, or any other

video or audio production which is of the Plaintiffs that were taken at any time, either before, during or after the occurrence made the basis of this lawsuit. This would include but not be limited to any type of "surveillance" recording or record of the Plaintiffs as they performed any activity.

6.    Produce a copy of Defendant's driver's license.

7.    Produce a copy of the driving record of the Defendant if obtained from any office or official agency of this state.

8.    Produce a copy of any traffic citations or complaints relating to this collision which may have been issued to Defendant.

9.    Produce copies of any and all statements previously made by the Plaintiffs concerning the subject matter of this lawsuit, including any written statements, signed or otherwise adopted or approved by the Plaintiffs, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiffs about this lawsuit and contemporaneously recorded.

10.    Produce any and all drawings, maps, or sketches of the scene of the accident.

11.    Produce a copy of your telephone bill for the day of the collision.

12.    Produce a copy of the cell phone bill for the cell phone Defendant used just prior to and/or during the collision.

13.    Produce a copy of any and all other lawsuits ever filed against you in the last ten (10) years.

14.    Produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering the Defendant or the automobile

being driven by Defendant at the time of the collision.

15.     Produce a copy of the title to the vehicle and/or any other ownership documents regarding the vehicle driven by or for the Defendant.

16.     Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs of the vehicle involved in the incident of November 24, 2018.

17.     Produce a copy of each photograph and other document or item of demonstrative evidence you may or will offer as evidence at trial.

18.     Please produce all documents used, referenced or reviewed in answering the interrogatories, which were simultaneously served herewith.

19.     If you are not a citizen of the United States of America, please produce a copy of any United States Work Visa, Green Card or other document evidencing your legal status in the United States of America.

20.     Produce a copy of any and all photographs of any vehicle involved in the subject collision.

21.     Produce true and complete copies of any and all medical records, medical bills, subrogation interests, and/or any other documents related to Plaintiffs' injuries that were obtained by Defendant via subpoena.

22.     Any and all documents, writing, memoranda of any kind or nature whatsoever which you intend to introduce into evidence in the trial of this action.

23.     A complete list of all tangible evidence which you intend to introduce in the trial of this action, and please state when such evidence may be examined by counsel for Plaintiffs.

24.     Any and all technical publications, treatises, books, codes, standards, articles, statutes, ordinances, regulations or other writings or documents by whatever name described which

13

you, your attorneys, your representatives and any witnesses (whether expert or otherwise) will offer into evidence upon the trial of this cause or which will be referred to or alluded to or used as a basis of support for any opinion to be offered or opinion or fact to be proved.

      25.     Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this action which support or tend to support Defendant's position and/or affirmative defenses.

      You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

      This February 3, 2022.

                          Respectfully submitted,

                          */s/ Carson S. Hale*
                          CARSON S. HALE (HAL120)
                          ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No. (888)-853-2247

                        **(the rest of this page left blank intentionally)**

DOCUMENT 3

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the Summons and Complaint in this case be served on the following Defendants by Certified Mail at her respective mailing address as follows:

**LARRY MARSH**
1913 Rice Dr.
Garland, TX 75042

**MARTIN TRANSPORTATION SYSTEMS INC.**
Registered agent: Robert Shaver
55 Campau Ave., NW, Ste. 300
Grand Rapids, MI, 49503.

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

15

DOCUMENT 3

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| RODNEY BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: CV - 2022 - _____ |
| v. | * | |
| MARTIN TRANSPORTATION | * | JURY TRIAL DEMANDED |
| SYSTEMS INC., LARRY MARSH, | * | |
| and Fictitious Defendants "A," "B," | * | |
| and "C," whether singular or plural, | * | |
| those other persons, corporations, firms | * | |
| or other entities whose wrongful | * | |
| conduct caused or contributed to cause | * | |
| the injuries and damages to Plaintiff, all | * | |
| of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but | * | |
| will be added by amendment when | * | |
| ascertained, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT LARRY MARSH

Comes now the Plaintiff, in the above-styled cause and pursuant to pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant, Larry Marsh, admit or deny the following:

1. Admit that you were properly served with a copy of the Summons and Complaint in the above-styled action.

2. Admit that your name, as listed in the Complaint, is stated and spelled correctly.

3. Admit that jurisdiction and venue are proper in this case.

This February 3, 2022.

Respectfully submitted,

/s/ Carson S. Hale
CARSON S. HALE (HAL120)

16

ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247

**(the rest of this page left blank intentionally)**

17

DOCUMENT 3

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the Summons and Complaint in this case be served on the

following Defendants by Certified Mail at her respective mailing address as follows:

**LARRY MARSH**
1913 Rice Dr.
Garland, TX 75042

**MARTIN TRANSPORTATION SYSTEMS INC.**
Registered agent: Robert Shaver
55 Campau Ave., NW, Ste. 300
Grand Rapids, MI, 49503.

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

18

DOCUMENT 4



ELECTRONICALLY FILED
2/3/2022 8:59 AM
03-CV-2022-900125.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

RODNEY BROWN,                                    *
                                                 *
    Plaintiff,                *
                                                 *   Case No.:  CV - 2022 - _____
    v.                        *
                                                 *
MARTIN TRANSPORTATION                            *
SYSTEMS INC., LARRY MARSH,                        *
and Fictitious Defendants "A," "B,"              *
and "C," whether singular or plural,             *
those other persons, corporations, firms         *
or other entities whose wrongful                 *
conduct caused or contributed to cause            *
the injuries and damages to Plaintiff, all       *
of whose true and correct names are              *
unknown to Plaintiff at this time, but           *
will be added by amendment when                  *
ascertained,                                     *
                                                 *
    Defendants.               *

---

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARTIN TRANSPORTATION SYSTEMS INC.

---

Comes now the Plaintiff, by counsel, and propounds the following interrogatories to the Defendant, Martin Transportation Systems, Inc, (herein after referred to as "Defendant Martin Transportation"), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:.

### Definitions and Instructions

    a.    These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

    b.    Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

1

c.    Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiffs' Complaint.

d.    Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.    The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).

## INTERROGATORIES

1.    Please identify yourself by stating the following: in what capacity you are authorized to respond to these interrogatories on behalf of this Defendant, your full name, current home address and home addresses for the past ten (10) years, date of birth, social security number, your affiliation to this Defendant, the length of time employed by this Defendant, current title and position, and positions held by you for the last ten (10) years, as well as the complete legal name of this Defendant, any trade name by which this Defendant is identified or under which this Defendant conducts business, any parent companies or subsidiaries and the address and telephone number of your principal office.

**RESPONSE:**

2.    Please state the correct legal name of Defendant Martin Transportation.

**RESPONSE:**

3.    State the name and address of the owner and all occupants of this Defendant's vehicle at the time of the Wreck.

**RESPONSE:**

4.    State whether at the time of the Wreck, Defendant Marsh, was acting within the line and scope of his employment with this Defendant.

2

DOCUMENT 4

**RESPONSE:**

5.      Identify any other individual, entity or entities, other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit. If you contend that the Plaintiff is liable, please explain how and why.

**RESPONSE:**

6.      Describe all training this Defendant provides or requires for its drivers/operators, and include in your answer refer to section of any procedure, training or safety manuals which are employed by this Defendant which are provided to employees or independent contractors. Also please explain any differences between that training and the manner in which Defendant Marsh was trained.

**RESPONSE:**

7.      Disclose the interview process you employ before hiring any individual, including, but not limited to, any application for employment; driving test; medical evaluation; face-to-face, electronic or telephonic interview; verification of insurance information; licensing; and safety history.  Also please explain any differences between that process and the process employed prior to hiring Defendant Marsh.

**RESPONSE:**

8.      Did Defendant Marsh complete an application for employment or any other paperwork prior to being hired or employed by this Defendant? If so, identify the date the application and/or paperwork was completed and the present custodian of same.

**RESPONSE:**

9.      What, if any, background information did you obtain, or attempt to obtain, regarding Defendant Marsh's driving history and/or safety record prior to engaging his services or allowing him to use your vehicle?

**RESPONSE:**

DOCUMENT 4

10.     Was Defendant Marsh's employment as a driver ever suspended based upon any physical impairment or medical condition? If so, state the time period of said suspension, the reason for said suspension, and all steps taken by this defendant to ensure Defendant Marsh could safely perform his duties as a driver upon reinstatement.

**RESPONSE:**

11.     With respect to the vehicle involved in the Wreck, give its complete configuration (including at least the following information):

    a.  What the load was contained in the vehicle at the time of the collision;

    b.  The make(s), model(s), and type(s) of brakes located on said vehicle;

    c.  The make and model of each of the following that may have been on-board the vehicle in question at the time of the collision, to-wit:

        (1) CB Radio;

        (2) Telephone;

        (3) Computer / Laptop;

        (4) A Black Box;

        (5) Electronic Control Module (ECM);

        (6) Recording or data storage devices; and

        (7) Qualcomm system;

**RESPONSE:**

12.     Was the vehicle involved in this Wreck equipped with any event data recording, GPS location devices, speed control devices, or other electronic equipment designed to capture or limit the location and/or operation of the vehicle operated by Defendant Marsh? If so, please describe:

    a.  The name of the equipment or device;

    b.  The manufacturer of the equipment or device;

    c.  Whether information has been printed, captured or derived from the equipment and/or device regarding vehicle and/or Wreck;

    d.  Who has possession of any data or information; and,

e. If the speed of the vehicle was governed, please describe the equipment and speed limit used to govern speed.

**RESPONSE:**

13. State this Defendant's policy with respect to retention and destruction of driver's logs, time sheets, and trip receipts and explain any differences between that policy and the manner in which Defendant Marsh's logs, time sheets, and trip expenses for the trip in question were treated.

**RESPONSE:**

14. State this Defendant's policy with respect for testing its drivers for substance abuse and explain any differences between that policy and the manner in which it treated Defendant Marsh after the Wreck.

**RESPONSE:**

15. Was a urine sample taken from Defendant Marsh within thirty-two (32) hours of the Wreck and, if not, why not?

**RESPONSE:**

16. Was a blood sample taken from Defendant Marsh within eight (8) hours of the Wreck and, if not, why not?

**RESPONSE:**

17. If the answer to either interrogatory #15 or #16 is affirmative, please that the results of said urine and/or blood sample and the person(s), corporation(s), lab(s) or health care facility responsible for conducting said urine and/or blood sample.

**RESPONSE:**

18. State this Defendant's policy with respect to having its drivers report accidents, collisions or wrecks to this Defendant and explain what this defendant's drivers are supposed to do

5

with respect to helping persons who have been injured, protecting its equipment, making statements to the police, making statements to other persons involved in the wrecks, making statements to bystanders and all other actions or inactions required.

**RESPONSE:**

19.     Identify any individual, or anyone acting on this Defendant's behalf, who has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the Wreck, and the nature of your and/or this Defendant's relationship to each person. Please provide the person's full name and address, giving the street, street numbers, city and state, of every witness know to you and your attorneys, who has knowledge regarding facts and circumstances surrounding the happening of the Wreck, including, but not limited to, eyewitnesses to such Wreck or events.

**RESPONSE:**

20.     Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgments that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability or excess insurance coverage.

**RESPONSE:**

21.     State all prior motor vehicle accidents involving Defendant Martin Transportation, for the three (3) year period preceding date of wreck.

**RESPONSE:**

22.     If anyone investigated the Wreck for this Defendant, including experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings.  If said investigator obtained any signed, recorded, transcribed or oral statement

DOCUMENT 4

from any individual, identify the person who gave the statement and the present custodian of such statement.

**RESPONSE:**

23.    State the name and address and telephone number of each person having any knowledge related to the Wreck.

**RESPONSE:**

24.    If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the Wreck, the Plaintiffs' physical condition, or the scene of the Wreck, identify the substance of such recording and the present custodian of each such item.

**RESPONSE:**

25.    Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit, individual or witness, including Plaintiffs, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case?  If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place, the name, address and telephone number from whom the statement was taken or made, and the custodian of such statement.

**RESPONSE:**

26.    With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:
     a.    His/her name, address, and telephone number;
     b.    The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;
     c.    The field in which he/she is to be offered as an expert;
     d.    A summary of his/her qualifications within the field in which he/she is expected to testify;

7

e.  The substance of the facts to which he/she is expected to testify; and,

f.  The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

27.  If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the Wreck and/or the scene of the Wreck, please describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photographs or motion pictures, or copies of same.

**RESPONSE:**

28.  List any and all articles, or authoritative materials, statutes, ordinances or codes that this Defendant intends to use, refer to, or present at the trial of this case.

**RESPONSE:**

29.  Please state the identity of any person, firm or corporation including their name, address, qualifications, who may have downloaded any event data information or information from an electronic data recorder or black box on board the vehicle being operated by Defendant Marsh at the time of the Wreck.

**RESPONSE:**

30.  Give the names, business and home addresses, and business and home telephone numbers of each person listed below who was employed by this Defendant or contracted by this Defendant both at the time of the Wreck, as well as at the time these interrogatories are being answered:

a. Safety Director;

b. Director of Safety Program;

c. Medical Review Officer;

d. Director of Employee Assistance Program;

8

e. Medical Technologist (for blood, urine and breath tests);

f. Dispatcher(s) who dispatched the vehicle from the time it left home base until the collision;

g. Insurance loss control expert for motor carrier's insurance company who has inspected Defendant Martin Transportation operations;

h. Chief Executive Officer;

i. Motor carrier's officer or official in charge of operational safety;

j. Supervisor of records; and

k. Person(s) who investigated the collision in question for this Defendant, including but not limited to investigator employed by your insurance carrier(s).

**RESPONSE:**

31.    State whether you have information about whether Defendant Marsh consumed any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours prior to the Wreck, and if the answer is in the affirmative, state where they were obtained and consumed and the nature and amount thereof.

**RESPONSE:**

32.    State the full itinerary for the forty-eight (48) hours immediately preceding the occurrence of Defendant Marsh and vehicle involved in the occurrence, stating the place and time of the beginning of each trip, the place and time and duration of each stop, the routes taken, the final destination, the anticipated time of arrival at that destination and the details of Defendant Marsh's sleep/drive schedule for those forty-eight (48) hours.

**RESPONSE:**

33.    Please state with specificity exactly how the Wreck took place and include in your answer the date, time and location of the Wreck, description of the vehicles (including make, model, year), where the vehicles were just prior to the Wreck, how far apart the vehicles were just prior to impact, the speed of each vehicle just before the Wreck, the exact location of each vehicle in relation to the roadway prior to the Wreck, and where the vehicles came to rest.

**RESPONSE:**

34.    Did you, your agents, servants, employees or representatives have any conversation or contact with any of the parties to this lawsuit, any witness to the accident, or any investigator of the occurrence?  If so, state the substance of such conversations and outline the contact.

**RESPONSE:**

35.    Following the Wreck of October 3, 2021, please state:
   a.   The person with this Defendant who was first notified of the accident?
   b.   The date and time this person was notified?
   c.   Whether anyone with this Defendant created a written record regarding the Wreck, and if so, whom?
   d.   Is this record kept in any Vehicle Accident Investigation File or its equivalent?
   e.   Is this record kept in the ordinary course of business?

**RESPONSE:**

36.    What maintenance had been performed on the vehicle of the subject vehicle for the 6 months prior to the collision.  For each such maintenance, please list the following:
   (a)    What prompted the maintenance visit;
   (b)    Who performed the maintenance;
   (c)    Who diagnosed the necessity for maintenance;
   (d)    What diagnosis was rendered;
   (e)    When were the repairs performed;
   (f)    What, if any, parts were replaced; and,
   (g)    Did the problem reoccur?  If so, when?

**RESPONSE:**

37.    Please list all prior or subsequent accidents in which Defendant Marsh has been involved, either with other persons or with property.  Please include the name of any other driver or

property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

**RESPONSE:**


You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

## REQUESTS FOR PRODUCTION

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements,

working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing.  Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format.  If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained.  For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format.  Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the Alabama Rules of Civil Procedure.  Consider this a formal request for such a log pursuant to the aforementioned Rule.  Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure.  Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts.  If such information differs between the two, please produce all copies of any such transcripts.

## **DOCUMENTS REQUESTED**

1.  Please produce the entire drug and alcohol file of Defendant Marsh including but not limited to pre-employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

2.  Please produce the entire safety performance history file for Defendant Marsh.

13

DOCUMENT 4

3. Please produce any and all state safety audits of Defendant Martin Transportation for the year of this collision and three years prior.

4. Please produce any and all accident reports filed by Defendant Martin Transportation the year of this collision and three years prior.

5. Produce any and all photographs taken by or on behalf of the Defendants which depict any and all vehicles involved in the collision.

6. Produce any and all photographs taken by or on behalf of the Defendants which depict the accident scene.

7. Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all other information which has anything to do with the collision at issue.

8. Produce any photographs take of the vehicle operated by the driver at the scene of the collision, or anytime after.

9. Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Defendant Marsh.

10. Produce all policies including liability, general liability, excess umbrella for the vehicle and any other insurance that will cover or arguably cover this collision.

11. Please produce a copy of the completion or non-completion of any safe driving programs by Defendant Marsh.

12. Please produce a copy of any and all pre-maintenance inspection reports for the vehicle occupied by Defendant Marsh on October 3, 2021 for six months prior to October 3, 2021.

13. Please produce any and all medical records of Defendant Marsh.

14

DOCUMENT 4

14. Please produce a copy of the driver manual or handbook issued to Defendant Marsh.

15. Please produce a copy of the company safety rules issued Defendant Marsh.

16. As to Defendant Marsh, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

    (a.)    Qualification file;

    (b.)    Personnel file;

    (c.)    Any and all written tests;

    (d.)    Any and all disciplinary actions;

    (e.)    Any and all violations of company policy;

    (f.)    Medical Examination Report Form completed by Medical Examiner prior to issuing Medical Certificate;

    (g.)    Log books for three (3) months prior to collision, including the entire month in which the collision occurred;

    (h.)    Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

    (i.)    Results of all drug and alcohol tests;

    (j.)    Gas receipts, charge card receipts, hotel receipts, and restaurant receipts for three (3) months prior to the collision, including the entire month in which the collision occurred;

    (k.)    Payroll records for three (3) months prior to the collision including the entire month in which the collision occurred;

    (l.)    Trip receipts for three (3) months prior to the collision including

the entire month in which the collision occurred;

 (m.) Any and all log audit summaries and time sheet summaries for three (3) months prior to the collision;

 (n.) Documentation given at driver safety meetings, including visual aids;

 (o.) Documentation regarding phone calls to and from Defendant Marsh regarding accident at issue;

 (p.) 1-800 complaints.

17. As to Defendant Martin Transportation, produce any and all of the following documents and records (including documents which are not now in existence but which can be generated by computer from information stored by or in computers):

 (a.) Accident register for the past five (5) years;

 (b.) State DOT audits for the past ten (10) years;

 (c.) Federal DOT audits for the past ten (10) years;

 (d.) Company's policy manual in effect at the time of the accident;

 (e.) Motor carrier safety profile;

 (f.) Violations from DOT inspections for the past three (3) years prior to the collision;

 (g.) Violations from DOT inspections subsequent to the collision;

 (h.) Safety policies and procedures manual in effect at the time of the collision.

18. Produce any and all documents and records (including documents which are not now in existence but which can be generated by computer from information stored by or in

16

computers) which have anything to do with Defendant Marsh, the collision at issue, and the
vehicle involved in said collision, including but not limited to, the following:

(a.)   Registration and Title;

(b.)   Bill of Sale;

(c.)   Repairs from any and all previous collisions involving the vehicle
       in question;

(d.)   Letters to Defendant Marsh;

(e.)   Training and educational documentation;

(f.)   Documentation regarding phoned in reports concerning accident at
       issue;

(g.)   All documentation indicating collision at issue was non-
       preventable;

(h.)   All documentation indicating collision at issue was preventable;

(i.)   Accident policy and procedures manual in effect at time of
       collision;

(j)    Accident investigation policies and procedures in effect at time of
       collision.

       collision.

19. To the extent not already produced, please produce all records of Defendant Martin
Transportation for the 7 days prior to the collision and for the day of the collision. Specifically,
produce the following materials, as you are required to retain under 49 C.F.R. § 395.8(k) and
subsequent DOT guidance and interpretation of supporting documents.

       A.  Bills of lading;

DOCUMENT 4

B.  Carrier pros;

C.  Freight bills;

D.  Dispatch records;

E.  Driver call-in records;

F.  Gate record receipts;

G.  Weight/scale tickets;

H.  Fuel billing statements.

I.  Toll receipts;

J.  International registration plan receipts;

K.  International fuel tax agreement receipts;

L.  Trip permits;

M.  Lessor settlement sheets;

N.  Port of entry receipts;

O.  Cash advance receipts;

P.  Delivery receipts;

Q.  Lumper receipts;

R.  Interchange and inspection reports;

S.  Over/short and damage reports;

T.  Agricultural inspection reports;

U.  Commercial Vehicle Safety Alliance reports;

V.  Accident reports;

W.  Telephone billing statements;

X.  Credit card receipts;

18

Y.  Driver fax reports;

Z.  On-board computer reports;

AA.    Border crossing reports;

BB.    Custom declarations;

CC.    Traffic citations;

DD.    Overweight/oversize reports and citations;

EE.    And/or other documents directly related to the motor carrier's

operation which are retained by the motor carrier in connection with the

operation of its transportation business.

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil

Procedure, you are under a duty to supplement your disclosures and responses under certain

circumstances.


This February 3, 2022.


Respectfully submitted,


/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF


**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247


**(the rest of this page left blank intentionally)**

19

DOCUMENT 4

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**LARRY MARSH**
1913 Rice Dr.
Garland, TX 75042

**MARTIN TRANSPORTATION SYSTEMS INC.**
Registered agent: Robert Shaver
55 Campau Ave., NW, Ste. 300
Grand Rapids, MI, 49503.

/s/ Carson S. Hale
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

DOCUMENT 4

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

RODNEY BROWN,                  *

                        *

    Plaintiff,                *

                        *    Case No.:  CV - 2022 - _____

    *v.*                    *

MARTIN TRANSPORTATION    *

SYSTEMS INC., LARRY MARSH,  *

and Fictitious Defendants "A," "B,"  *

and "C," whether singular or plural,  *

those other persons, corporations, firms  *

or other entities whose wrongful  *

conduct caused or contributed to cause  *

the injuries and damages to Plaintiff, all  *

of whose true and correct names are  *

unknown to Plaintiff at this time, but  *

will be added by amendment when  *

ascertained,                  *

                        *

    Defendants.            *

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MARTIN TRANSPORTATION SYSTEMS INC

Comes now the Plaintiff, in the above-styled cause and pursuant to pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant Martin Transportation admit or deny the following:

1. Admit or Deny that Defendant motor carrier is an authorized motor carrier as defined by the Federal Motor Carrier Safety Regulations.

   RESPONSE:

2. Admit or Deny that the purpose of the Federal Motor Carrier Safety Administration Regulations is to promote safety.

   RESPONSE:

DOCUMENT 4

3.  Admit or Deny that Defendant motor carrier is required to comply with the Federal Motor Carrier Safety Administration Regulations.

    **RESPONSE:**

4.  Admit or Deny that the State of Alabama has adopted the Federal Motor Carrier Safety Administration Regulations.

    **RESPONSE:**

5.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations require accurate record keeping.

    **RESPONSE:**

6.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to qualify its driver.

    **RESPONSE:**

7.  Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires a written and signed driver's application for employment.

    **RESPONSE:**

DOCUMENT 4

8. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires an investigation of the Defendant motor carrier's driver's employment record for the three years preceding the date of the driver's application.

   **RESPONSE:**

9. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to verify the motor vehicle record for the three years preceding the date of the driver's application.

   **RESPONSE:**

10. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to request driving records annually for its drivers.

    **RESPONSE:**

11. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to perform an annual review of its drivers' driving records.

    **RESPONSE:**

12. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to prepare a driver's Certification of Violations annually.

    **RESPONSE:**

DOCUMENT 4

13. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations require Defendant motor carrier's drivers to successfully complete a road test or its equivalent before allowing said driver to operate a commercial vehicle.

**RESPONSE:**

14. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier's drivers to pass a Medical Examination conducted by a licensed health care professional prior to allowing said driver to operate its commercial vehicle.

**RESPONSE:**

15. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to train its drivers prior to allowing the driver to operate its commercial vehicle.

**RESPONSE:**

16. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires that daily inspection reports be prepared by the driver of Defendant motor carrier's commercial vehicle.

**RESPONSE:**

17. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires Defendant motor carrier to perform annual inspections of its trucks.

**RESPONSE:**

18. Admit or Deny that the Federal Motor Carrier Safety Administration Regulations requires

    Defendant motor carrier to supervise its drivers.

    **RESPONSE:**

19. Admit or Deny that Defendant Martin Transportation was properly served with a a copy

    of the Summons and Complaint in the above-styled action.

    **RESPONSE:**

20. Admit or Deny that your name, as listed in the Complaint, is stated and spelled correctly .

    **RESPONSE:**

21. Admit or Deny that jurisdiction and venue are proper in this case.

    **RESPONSE:**

    This February 3, 2022.


                              Respectfully submitted,


                              /s/ *Carson S. Hale*
                              CARSON S. HALE (HAL120)
                              ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No.  (888)-853-2247


                    **(the rest of this page left blank intentionally)**

DOCUMENT 4

## <u>REQUEST FOR SERVICE OF PROCESS</u>

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendants by Certified Mail at her respective mailing address as follows:

**LARRY MARSH**
1913 Rice Dr.
Garland, TX 75042

**MARTIN TRANSPORTATION SYSTEMS INC.**
Registered agent: Robert Shaver
55 Campau Ave., NW, Ste. 300
Grand Rapids, MI, 49503.

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL

**(the rest of this page left blank intentionally)**

DOCUMENT 7

**UNITED STATES**
**POSTAL SERVICE**

February 10, 2022

Dear Circuit Clerk:

| UJS Information | |
| --- | --- |
| Case Number: 03-CV-2022-900125.00 | Intended Recipient: |
| Document Type: Complaint | LARRY MARSH  (D002) |
| Restricted Delivery Requested: No | 1913 RICE DR |
| | GARLAND, TX 75042 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4103 2200 0062 18**.

## Item Details

| | |
| --- | --- |
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | February 10, 2022, 10:27 am |
| **Location:** | GARLAND, TX 75042 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
| --- | --- |
| **Weight:** | 10.0oz |

## Recipient Signature

Signature of Recipient:     $#80
                           C-19

Address of Recipient:     1913
                          Rice

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



**AlaFile E-Notice**

03-CV-2022-900125.00

Judge: HON. JOHNNY HARDWICK

To: HALE CARSON SCOTT
chale@slocumblaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

RODNEY BROWN V. MARTIN TRANSPORTATION SYSTEMS INC. ET AL
03-CV-2022-900125.00

The following matter was served on 2/10/2022

**D002 MARSH LARRY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-900125.00

Judge: HON. JOHNNY HARDWICK

To:  MARTIN TRANSPORTATION SYSTEMS INC. (PRO SE)
55 CAMPAU AVE NW, STE 300
GRAND RAPIDS, MI, 49503-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

RODNEY BROWN V. MARTIN TRANSPORTATION SYSTEMS INC. ET AL
03-CV-2022-900125.00

The following matter was served on 2/10/2022

**D002 MARSH LARRY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-900125.00

Judge: HON. JOHNNY HARDWICK

To:  MARSH LARRY (PRO SE)
     1913 RICE DR
     GARLAND, TX, 75042-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

RODNEY BROWN V. MARTIN TRANSPORTATION SYSTEMS INC. ET AL
03-CV-2022-900125.00

The following matter was served on 2/10/2022

**D002 MARSH LARRY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

**UNITED STATES POSTAL SERVICE**

| | UJS Information | |
|---|---|---|
| February 14, 2022 | Case Number: 03-CV-2022-900125.00<br>Document Type: Complaint<br>Restricted Delivery Requested: No | Intended Recipient:<br>MARTIN TRANSPORTATION SYSTEMS INC. (D001)<br>55 CAMPAU AVE NW, STE 300<br>GRAND RAPIDS, MI 49503 |
| Dear Circuit Clerk: | | |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4103 2200 0062 01**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered |
| **Status Date / Time:** | February 14, 2022, 8:14 am |
| **Location:** | GRAND RAPIDS, MI 49503 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
|---|---|
| **Weight:** | 10.0oz |

## Recipient Signature

Signature of Recipient: 

Address of Recipient: 

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

03-CV-2022-900125.00

Judge: HON. JOHNNY HARDWICK

To:  HALE CARSON SCOTT
    chale@slocumblaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

RODNEY BROWN V. MARTIN TRANSPORTATION SYSTEMS INC. ET AL
03-CV-2022-900125.00

The following matter was served on 2/14/2022

**D001 MARTIN TRANSPORTATION SYSTEMS INC.**
**Corresponding To**
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-900125.00

Judge: HON. JOHNNY HARDWICK

To:  MARTIN TRANSPORTATION SYSTEMS INC. (PRO SE)
55 CAMPAU AVE NW, STE 300
GRAND RAPIDS, MI, 49503-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

RODNEY BROWN V. MARTIN TRANSPORTATION SYSTEMS INC. ET AL
03-CV-2022-900125.00

The following matter was served on 2/14/2022

**D001 MARTIN TRANSPORTATION SYSTEMS INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-900125.00

Judge: HON. JOHNNY HARDWICK

To:  MARSH LARRY (PRO SE)
     1913 RICE DR
     GARLAND, TX, 75042-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

RODNEY BROWN V. MARTIN TRANSPORTATION SYSTEMS INC. ET AL
03-CV-2022-900125.00

The following matter was served on 2/14/2022

**D001 MARTIN TRANSPORTATION SYSTEMS INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260